B. Trent Webb (admitted *pro hac vice*)
bwebb@shb.com
Eric A. Buresh (admitted *pro hac vice*)
eburesh@shb.com
Michelle L. Marriott (admitted *pro hac vice*)
mlmarriott@shb.com
Eva M. Weiler (SBN: 233942)
eweiler@shb.com
SHOOK, HARDY & BACON LLP
Jamboree Center
5 Park Plaza, Suite 1600
Irvine, California 92614-2546
Telephone: (949) 475-1500
Facsimile: (949) 475-0016

Attorneys for Defendant Sony Electronics
Inc.

(Counsel Continued on Signature Page)

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| OLYMPIC DEVELOPMENTS AG, LLC,<br><br>Plaintiff,<br><br>v.<br><br>AMAZON.COM, INC., APPLE, INC., BARNESANDNOBLE.COM, INC., SONY ELECTRONICS INC.<br><br>Defendants. | Case No. CV10-07237 GW (PLAx)<br><br>Judge: Honorable George H. Wu<br><br>**DEFENDANTS SONY ELECTRONICS INC., AMAZON.COM, INC., AND APPLE INC.'S JOINT NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S CLAIMS OF INDIRECT INFRINGEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>First Amended Complaint Filed: November 18, 2010<br>Date: February 3, 2011<br>Time: 8:30 a.m.<br>Crtrm: 10 |

# TABLE OF CONTENTS

**NOTICE OF MOTION AND MOTION** ....................................................... vi

**MEMORANDUM OF POINTS AND AUTHORITIES** .............................. 1

**INTRODUCTION** ....................................................................................... 1

**STATEMENT OF FACTS** .......................................................................... 2

**ARGUMENT** .............................................................................................. 4

   A.  Olympic Fails to State a Plausible claim for Induced Infringement ................... 6

      1. Olympic fails to allege that any of the Moving
         Defendants "knowling induced infringement" ................................ 6

      2.  Olympic fails to allege specific intent to infringe ......................... 8

      3.  Olympic does not, nor could it possibly, allege that any "user" directly
         infringes ...................................................................................... 10

   B.  Olympic Fails to State a Plausible Claim for Contributory Infringement ......... 12

      1.  Olympic does not allege knowledge of infringement ................... 12

      2.  Olympic has not properly pleaded instances of direct infringement ........... 14

**CONCLUSION** .......................................................................................... 14

CV10-07237 GW                         DEFENDANTS' MOTION TO DISMISS
                                              FOR FAILURE TO STATE A CLAIM

# TABLE OF AUTHORITIES

**Cases**

*ACCO Brands, Inc. v. ABA Locks Mfs Co. Ltd.*, 501 F.3d 1307
(Fed. Cir. 2007) ..................................................................................6, 9

*AntiCancer Inc. v. Xenogen Corp,* 248 F.R.D. 278 (S.D. Cal. 2007).............................6

*Aro Mfg. v. Convertible Top Replacement Co.*, 377 U.S. 476,
84 S. Ct. 1526, 12 L. Ed. Ed 457 (1964) ...............................................12

*Ashcroft v. Iqbal*, 129 S.Ct. 1937, 173 L. Ed. 2d 868 (2009) .......................... 1, 4, 5, 10

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955,
167 L. Ed. 3d 929 (2007)...................................................... 1, 4, 5, 10

*Bender v. LG Elecs. U.S.A., Inv.*, No. C09-02114,
2010 U.S. Dist. Lexis 33075 (N.D. Cal. March 11, 2010) ....................................5

*Bender v. Motorola, Inc.*, No. C 09-1245, 2010 WL 726739
(N.D. Cal. Feb. 26, 2010) ...............................................................9

*BMC Res., Inc. v. Paymentech, L.P.*, 498 F.3d 1373
(Fed. Cir. 2007) ........................................................................12

*Catapano v. Wyeth Ayerst Pharms., Inc.*, 88 F. Supp. 2d 27
(E.D.N.Y. 2000)...........................................................................9

*Clayton v. Fisher-Price, Inc.*, No. 2:10-cv-06891, slip op.
(C.D. Cal. June 1, 2010) ...............................................................6

*Coolsavings.com v. Catalina Marketing Corp.*, No. 98-C-6668,
1999 WL 342431 (N.D. Ill. May 14, 1999)...............................................9

*Cybiotronics, Ltd. v. Golden Source Elec., Ltd.*, 130 F. Supp. 2d 1152
(C.D. Cal. 2001) .........................................................................7

*DSU Med. Corp. v. JMS Co., Ltd,* 471 F.3d 1293 (Fed. Cir. 2006) ..........................7

- iii -

DEFENDANTS' MOTION TO DISMISS
FOR FAILURE TO STATE A CLAIM

*Elen Microelectronics Corp. v. Apple, Inc.,* No. C09-01531 RS,
   2009 U.S. Dist. Lexis 83715 (N.D. Cal. Spet. 14, 2009) ...........................................5

*Global-Tech Appliances Inc. v. SEB SA,* No. 10-6,
   2010 U.S. Briefs 6  (U.S. June 23, 2010) ...............................................................7

*Halton Co. v. Streivor, Inc.,* No. C 10-00655, 2010 WL 2077203,
   (N.D. Cal. May 21, 2010).......................................................... 5, 8, 12, 13

*Mallinckrodt Inc. v. E-Z-EM Inc.,* 670 F. Supp. 2d 349 (D. Del. 2009).........7, 8, 13

*Microsoft Corp v. Phoenix Solutions, Inc.,* No. 2:10-cv-03846,
   slip op. (C.D. Cal. Nov. 4, 2010) .....................................................6, 12

*Ormco Corp. v. Align Tech., Inc.,* 463 F.3d 1299 (Fed. Cir. 2006)...............................10

*SEB, SA v. Montgomery Ward Co.,* 594 F.3d 1360 (Fed. Cir. 2010) ...........................7

*Sharafabadi v. University of Idaho,* No. C09-1043JLR,
   2009 WL 4432367 (W.D. Wash. Nov. 27, 2009)...........................................5

*Smartmetric Inc. v. Mastercard Inc.,* No. 2:10-cv-01864, slip op.
   (C.D. Cal. July 8, 2010).......................................................................4, 5

*Sprewell v. Golden State Warriors,* 266 F.3d 979 (9th Cir. 2001) ................................5

*Tech. Licensing Corp. v. Technicolor USA, Inc.,* No. 2:03-cv-1329,
   2010 WL 4070208, (E.D. Cal. Oct. 18, 2010)................................................4, 9, 13

*Weyer v. MySpace, Inc.,* C 10-00499 MRP-FFMx, slip op.
   (C.D. Cal., June 17, 2010.........................................................................5, 6, 12

*XPoint Techs., Inc. v. Microsoft Corp.,* Civ. No. 09-628-SLR,
   2010 WL 3187025 (D. Del. Aug. 12, 2010) ...................................................8, 13

**Statutes**

Fed. R. Civ. P. 8(a)(2) ..............................................................................................4, 5

Federal Rule of Civil Procedure 12(b)(6) ..................................................................1, 2, 3

- iv -

Federal Rule of Civil Procedure Form 18 ................................................................... 4, 5

248 F.R.D. 278, 282 (S.D. Cal. 2007) ................................................................................ 6

35 U.S.C. § 271 ......................................................................................... 6, 7, 9, 12

CV10-07237 GW

1   TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2          PLEASE TAKE NOTICE that on February 3, 2011, at 8:30 a.m., or as soon

3   thereafter as this matter may be heard, in Courtroom 10 of this Court, located at 312

4   N. Spring Street, Los Angeles, California, 90012, Defendants Amazon.com, Inc.,

5   Apple, Inc., and Sony Electronics Inc. will move for an order dismissing Plaintiff's

6   First Amended Complaint (Docket ("Doc.") 34) with respect to the claims of indirect

7   infringement without prejudice.

8          This motion is made pursuant to Rules 8 and 12(b)(6) of the Federal Rules of

9   Civil Procedure and is based on the grounds that the First Amended Complaint fails to

10  state a claim for indirect infringement upon which relief can be granted and fails to

11  state facts sufficient to provide a statement showing Plaintiff is entitled to relief.

12  Specifically, Plaintiff fails to plausibly plead claims of indirect infringement, as to

13  both inducement infringement and contributory infringement.

14         This motion is based on this Notice of Motion, the attached memorandum of

15  points and authorities in support thereof, the pleadings and documents on file in this

16  case, and such other evidence and argument as may be presented at the hearing on this

17  motion.

18         This motion is made following the conference of counsel pursuant to L.R. 7-3

19  which took place on November 22nd and 23rd, 2010.

20  DATED:      December 7, 2010       SHOOK, HARDY & BACON, L.L.P.

21

22                              By:
                                         Eva M. Weiler
23                                  Attorneys for Defendant Sony
                                    Electronics Inc.
24
                                    (Additional Counsel Continued On Next
25                                  Page)

26

27

28

CV10-07237 GW
4222875 v11

DEFENDANTS' MOTION TO DISMISS
FOR FAILURE TO STATE A CLAIM

1    Robert T. Cruzen (SBN: 203658)
     robert.cruzen@klarquist.com
2    Todd M. Siegel (admitted *pro hac vice*)
     todd.siegel@klarquist.com
3    John D. Vandenberg (admitted *pro hac
     vice*)
4    john.vandenberg@klarquist.com
     KLARQUIST SPARKMAN, LLP
5    121 S.W. Salmon Street, Suite 1600
     Portland, Oregon 97204
6    Telephone:  503-595-5300
     Facsimile: 503-595-5301
7
     Mark S. Parris (admitted *pro hac vice*)
8    mparris@orrick.com
     Lisa C. Ward (SBN: 175237)
9    lward@orrick.com
     Orrick, Herrington & Sutcliffe LLP
10   4 Park Plaza, Suite 1600
     Irvine, CA 92614-2558
11   Telephone:  949-852-7780
     Facsimile:  949-567-6710
12
     Attorneys for Defendant Amazon.com,
13   Inc.

14   James Batchelder (SBN: 136347)
     batchelderj@howrey.com
15   Jason T. Anderson (SBN: 212938)
     andersonj@howrey.com
16   HOWREY LLP
     1950 University Avenue
17   East Palo Alto, CA 94303
     Telephone: (650) 798-3500
18   Facsimile: (650) 798-3600

19   Joanne Lichtman (SBN: 137300)
     lichtmanj@howrey.com
20   HOWREY LLP
     550 South Hope Street, Suite 1100
21   Los Angeles, CA 90071-2627
     Telephone:  (213) 892-1800
22   Facsimile:  (213) 892-2300

23   Attorneys For Defendant Apple Inc.

24

25

26

27

28

- vii -

DEFENDANTS' MOTION TO DISMISS
FOR FAILURE TO STATE A CLAIM

1

2

3

4

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF JOINT MOTION BY DEFENDANTS AMAZON.COM, INC., APPLE INC., AND SONY ELECTRONICS INC. TO DISMISS PLAINTIFF'S CLAIMS OF INDIRECT INFRINGEMENT

5

6

7

8

9

10

Defendants Amazon.com, Inc. ("Amazon"), Apple Inc. ("Apple"), and Sony Electronics Inc. ("SEL") (collectively "Moving Defendants") move this Court, pursuant to Federal Rule of Civil Procedure 12(b)(6), to dismiss the First Amended Complaint ("FAC") (Doc. 34) filed against them by Plaintiff Olympic Developments AG, LLC ("Olympic") for failure to state a claim upon which relief can be granted, with respect to Olympic's claims of indirect infringement.

11

12

## INTRODUCTION

13

14

15

16

17

18

19

In its claims that Moving Defendants have engaged in indirect patent infringement, Olympic's FAC fails to meet the pleading standards articulated by the Supreme Court in *Bell Atlantic v. Twombly* and *Ashcroft v. Iqbal*. The progeny of those cases, faithfully implemented throughout the Ninth Circuit, hold that claims of indirect infringement must contain sufficient factual allegations to establish that, if those allegations are true, a claim to relief is plausible. Olympic's claims here fall far short of these requirements.

20

21

22

23

24

25

26

27

Under the *Twombly/Iqbal* standard, to properly plead either inducement or contributory infringement, plaintiffs must allege facts establishing not only direct infringement by one or more specified third parties, but also knowledge by the accused indirect infringer of the patent and that third-party's infringement. Specifically, inducement requires the plaintiff to allege facts showing the accused infringer knowingly induced the third party's direct infringement of the asserted patent. It also requires specific intent to encourage that third party to infringe the asserted patent. Similarly, contributory infringement requires allegation of facts

28

1    showing the accused infringer had knowledge of the third-party infringement of the

2    asserted patent and the accused products lack substantial non-infringing uses.

3            Here, Olympic's FAC does not even approach that standard, alleging *no* facts

4    that show *any* of these required elements, let alone all of them.  Indeed, Olympic's

5    allegations mirror allegations that, in opinion after opinion, courts have held fail the

6    requirements for pleading indirect infringement.

7            Olympic's pleading deficiency masks a greater, fundamental problem –

8    Olympic had no good-faith basis for pleading induced or contributory infringement in

9    its FAC or in its earlier Complaint.  These claims require, at a minimum, that the

10   defendant have knowledge of the patents-in-suit prior to the lawsuit filing.  Olympic

11   did not plead a single fact to even suggest such pre-filing knowledge by any defendant

12   in either the Complaint or the FAC.  Moreover, Olympic cannot cure this void in its

13   Complaint, as no facts exist on which Olympic could allege such knowledge or any of

14   the other requirements for indirect infringement.  Each of the Moving Defendants has

15   informed Olympic of this incurable lack of facts regarding indirect infringement, yet

16   Olympic has refused to withdraw or amend its indirect infringement claims.  Lacking

17   a factual basis, Olympic's indirect infringement claims are ripe for dismissal.  Moving

18   Defendants respectfully request that the Court dismiss Olympic's claims for induced

19   infringement and contributory infringement pursuant to Federal Rule of Civil

20   Procedure 12(b)(6).

21

22                              **STATEMENT OF FACTS**

23           On September 28, 2010, Olympic filed its Complaint against Amazon, Apple,

24   SEL, and six other defendants, accusing the defendants of infringing U.S. Patent Nos.

25   5,475,585 ("the '585 Patent") and/or 6,246,400 ("the '400 Patent") (collectively, "the

26   patents-in-suit").  (Docket ("Doc.") 1, ¶ 1.)  Olympic filed its FAC on November 18,

27   2010, naming as defendants the Moving Defendants, as well as BarnesAndNoble.com,

28                                      - 2 -

1  Inc. (Doc. 34.)  According to the FAC, the '585 Patent is infringed by "systems and

2  methods for purchasing products and services and processing corresponding financial

3  transactions," and the '400 Patent is infringed by "systems and methods for remotely

4  selecting and receiving desired programming selections."  (*See, e.g., id.* ¶ 16.)

5       Olympic first accuses the defendants of ***direct*** infringement of the '400 and/or

6  '585 Patents, alleging that each defendant "owns, operates, advertises, controls, sells,

7  and otherwise provides hardware, software and websites" for different types of

8  "online . . . services."  (*See, e.g., id.* ¶ 16 (accusing SEL of providing "online

9  bookstore services" including via the Sony Reader and the online Reader Store).)

10      Olympic next accuses each defendant of ***indirect*** infringement by reciting the

11  following conclusory allegations:

12            Plaintiff is informed and believes that [defendant] has and/or

13            requires and/or directs users to access and/or view and/or

14            purchase products from a remote programming system at the

15            [accused website] via a[n] [accused] remote receiver device

16            in a manner claimed in the patents-in-suit.  Upon

17            information and belief, [defendant] has also contributed to

18            the infringement of one or more claims of the patents-in-suit

19            by providing to users, in this district and elsewhere in the

20            United States via the [accused website] and the [accused

21            device], software only useful for permitting users to

22            purchase products and services from a plurality of available

23            products and service [sic] and for processing corresponding

24            financial transactions in real-time in a manner claimed by

25            one or more claims of the patent-in-suit.

26  (*Id.* ¶ 13-16.)  The FAC repeats this allegation for each of the defendants, changing

27  only the name of the defendant and the accused product.  (*Id.* at ¶¶ 13-16.)

28

- 3 -

DEFENDANTS' MOTION TO DISMISS
                                                          FOR FAILURE TO STATE A CLAIM

1    Notably, Olympic originally pleaded the phrase "and/or actively induced others

2 to infringe one or more claims of the patents-in-suit" in the original Complaint as to

3 each Moving Defendant, but removed that phrase in the FAC. (*Compare* ¶¶ 18, 19,

4 and 25 of the original Complaint (Doc. 1) *with* FAC ¶¶ 13, 14, and 16 (Doc. 34).)  Yet

5 the FAC's prayer continues to allege twice that third party "infringement has been

6 induced by Defendants" (FAC prayer ¶¶ A and B), and seeks a "permanent injunction

7 pursuant to 35 U.S.C. § 283, enjoining the Defendants from further acts of . . . actively

8 inducing infringement with respect to the claims of the '585 patent and the '400

9 patent" (FAC prayer ¶ D).  Moving Defendants, therefore, understand that Olympic

10 continued to attempt to plead inducement, without having met the pleading

11 requirements for doing so.

12

13                              **ARGUMENT**

14    Olympic's conclusory allegations for induced and contributory infringement

15 lack factual basis and, therefore, fail to state a claim.  To satisfy minimal pleading

16 requirements, Olympic must plead "a short and plain statement of the claim showing

17 that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  "To survive a motion to

18 dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a

19 claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1940,

20 173 L. Ed. 2d 868, 874 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570,

21 127 S. Ct. 1955, 1974, 167 L. Ed. 3d 929, 949 (2007)); *see Tech. Licensing Corp. v.

22 Technicolor USA, Inc.*, No. Civ. 2:03-1329, 2010 WL 4070208, at *1 (E.D. Cal.

23 October 18, 2010) (quoting *Iqbal*, 129 S.Ct. at 1940).  "While legal conclusions can

24 provide the framework of a complaint, they must be supported by factual allegations."

25 *Iqbal*, 129 S.Ct. at 1950[1]; *Smartmetric Inc. v. Mastercard Inc.*, No. 2:10-cv-01864,

26

27 ---

[1] Federal Rule of Civil Procedure Form 18, entitled "[C]omplaint for Patent
Infringement," is often relied on by plaintiffs to support the sufficiency of their
28 allegations of ***direct*** infringement.  But to plead ***indirect*** infringement, a plaintiff

- 4 -

1  slip op. at 2 (C.D. Cal. July 8, 2010) ("a court need not accept as true unreasonable

2  inferences or conclusory legal allegations cast in the form of factual allegations")

3  (citing *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001)).

4       These *Iqbal/Twombly* pleading requirements apply to claims for indirect patent

5  infringement.  In *Weyer v. MySpace, et al.*, a recent decision from this District, the

6  Court concluded that "claims of indirect and willful infringement must be pleaded

7  subject to the requirements of Federal Rule of Civil Procedure 8(a)(2) as interpreted

8  by the Supreme Court in *Twombly* and *Iqbal*[, and t]hus . . . 'must contain sufficient

9  factual matter, accepted as true, to 'state a claim to relief that is plausible on its

10  face.'"  *Weyer v. MySpace, Inc.*, C 10-00499 MRP-FFMx, slip op. at 4 (C.D. Cal.,

11  June 17, 2010) (citing *Iqbal*, 129 S.Ct. at 1949).  In so holding, the Court relied on and

12  agreed with other district courts in the Ninth Circuit that have come to the same

13  conclusion, including the Northern District of California in *Elan Microelectronics

14  Corp. v. Apple, Inc.*[2] and *Halton Co. v. Streivor, Inc.*,[3] and the Western District of

15  Washington in *Sharafabadi v. University of Idaho*.[4]

16

17

18  cannot rely on Form 18 – "In the absence of any other form that addresses indirect infringement and is made binding on the courts through Rule 84, the Court must apply

19  the teachings of *Twombly* and *Iqbal*."  *Elan Microelectronics Corp. v. Apple, Inc.*, No. C 09-01531 RS, 2009 U.S. Dist. LEXIS 83715, at *7 (N.D. Cal. Sept. 14, 2009).

20  Specifically, in the context of a motion to dismiss claims of indirect infringement, courts consistently acknowledge that "[n]owhere in Form 18 are theories and elements

21  of induced infringement or contributory infringement referenced," and "[g]iven this silence . . . plaintiff cannot use Form 18 as a shield against [a motion to dismiss claims

22  of indirect infringement]."  *Halton Co. v. Streivor, Inc.*, No. C 10-00655, 2010 U.S.

23  Dist. LEXIS 50649, at *7 (N.D. Cal. May 21, 2010); *see also id.* at 6, (citing *Bender v. LG Elecs. U.S.A., Inv.*, No. C 09-02114, 2010 U.S. Dist. LEXIS 33075 (N.D. Cal.

24  March 11, 2010) (stating that Form 18 merely provides an example of alleging direct patent infringement)).

25  [2] No. C 09-01531, 2009 U.S. Dist. LEXIS 83715, 2009 WL 2972374 (N.D. Cal. Sept.

26  14, 2009).

    [3] No. C 10-00655, 2010 WL 2077203 (N.D. Cal. May 21, 2010).

27  [4] No. C 09-1043JLR, 2009 WL 4432367 (W.D. Wash. Nov. 27, 2009).

28

- 5 -

DEFENDANTS' MOTION TO DISMISS
                                                     FOR FAILURE TO STATE A CLAIM

1    **A.    Olympic Fails to State a Plausible Claim for Induced Infringement.**

2    The standard for induced infringement is set forth in 35 U.S.C. § 271(b):

3    "Whoever actively induces infringement of a patent shall be liable as an

4    infringer." "To properly plead inducement, Plaintiffs must allege (1) instances of

5    direct infringement and (2) that the alleged infringer knowingly induced

6    infringement and had specific intent to encourage another's infringement."

7    *Microsoft Corp v. Phoenix Solutions, Inc.*, No. 2:10-cv-03846, slip op. at 3-4

8    (C.D. Cal. Nov. 4, 2010) (citing *ACCO Brands, Inc. v. ABA Locks Mfs Co. Ltd.*,

9    501 F.3d 1307, 1312 (Fed. Cir. 2007), and dismissing plaintiff's claim because it

10   pleaded inadequate facts to support indirect infringement). For example, in

11   *AntiCancer Inc. v. Xenogen Corp.*, where plaintiff asserted that "the defendant . . . has

12   directly infringed the . . . Patent and has indirectly infringed the . . . Patent by

13   contributing to or inducing direct infringements of the . . . Patent by others," the Court

14   held that plaintiff had "failed to plead any further facts beyond a bare statement of

15   direct and indirect infringement so as to demonstrate a plausible entitlement to relief,"

16   and dismissed the indirect infringement claims. 248 F.R.D. 278, 282 (S.D. Cal.

17   2007); *see also Weyer*, No. 2:10-cv-00499, slip op. at 6 (same); *Clayton v. Fisher-*

18   *Price, Inc.*, No. 2:10-cv-06891, slip op. at 3 (C.D. Cal. June 1, 2010) (same).

19   While Olympic lodges a cursory accusation of direct infringement by

20   "users" (Doc. 34 ¶ 16), that is the extent of its pleading. Olympic does not plead

21   any facts, or otherwise clarify, as to how these "users" could possibly directly

22   infringe, nor is there any required allegation of "knowledge" or "specific intent."

23   **1.    Olympic fails to allege that any of the Moving Defendants**

24   **"knowingly induced infringement."**

25   Olympic first fails to meet the pleading threshold because it does not allege

26   that Moving Defendants knowingly induced infringement of the '585 and '400

27   Patents. In fact, Olympic does not even allege the threshold requirement that

28

- 6 -

1  Moving Defendants had actual knowledge of the patents – "[t]he requirement that

2  the alleged infringer knew or should have known his actions would induce actual

3  infringement necessarily includes the requirement that he or she knew of the

4  patent."[5] *DSU Med. Corp. v. JMS Co., Ltd,* 471 F.3d 1293, 1304 (Fed. Cir.

5  2006); *see also Cybiotronics, Ltd. v. Golden Source Elec., Ltd.*, 130 F. Supp. 2d

6  1152, 1165-66 (C.D. Cal. 2001) ("A finding of actual knowledge of the patent is

7  clearly a prerequisite to finding that an accused infringer 'actively induced'

8  infringement of that same patent," granting summary judgment against inducement

9  claim).  Where a plaintiff fails to allege that the defendant knew of the patent at

10  the time it was committing the allegedly-infringing activities, it cannot state an

11  inducement claim. *Mallinckrodt Inc. v. E-Z-EM Inc.,* 670 F. Supp. 2d 349, 354

12  (D. Del. 2009).

13      Furthermore, Olympic fails to allege that any Moving Defendants had

14  "knowledge of inducement."  In fact, Olympic does not attempt to allege that any

15  of the Moving Defendants "knew or should have known his actions would induce

16  actual infringement," as required for inducement. *DSU Med. Corp.*, 471 F.3d at

17

18  [5] This rule is undisturbed by the Federal Circuit's recent opinion in *SEB, SA v. Montgomery Ward Co.*, which is currently pending review by the U.S. Supreme Court

19  to determine "the legal standard for the state of mind element of a claim for actively inducing infringement under 35 U.S.C. § 271(b)."  Brief of Petitioner-Appellant,

20  *Global-Tech Appliances Inc. v. SEB SA*, No. 10-6, 2010 U.S. Briefs 6, at *i  (U.S.

21  June 23, 2010).  *See SEB*, 594 F.3d 1360 (Fed. Cir. 2010), *cert. granted* Docket No. 10-6 (U.S. Oct. 12, 2010); *see also* U.S. Supreme Court Docket No. 10-6, "Questions

22  Presented," available at http://www.supremecourt.govicip/10-00006qp.pdf.  In *SEB*, the Federal Circuit acknowledged that "inducement requires a showing of 'specific

23  intent to encourage another's infringement,'" and noted that "the standard of deliberate indifference of a known risk is not different from actual knowledge, but is a

24  form of actual knowledge."  The Court then found that at trial the patentee had presented adequate evidence to meet that standard, given that defendant had purchased

25  a product manufactured by the patentee and copied it, and withheld that copying from

26  its opinion counsel, among other things. *SEB*, 594 F.3d at 1377.  Olympic does not allege any similar facts against any of the Moving Defendants, rendering *SEB*

27  factually inapposite.

28

DEFENDANTS' MOTION TO DISMISS
FOR FAILURE TO STATE A CLAIM

1304.  These omissions are fatal to Olympic's ability to plead inducement, and

Olympic cannot cure its pleading deficiency.  Because Olympic has not and

cannot allege that Moving Defendants had pre-suit knowledge of the patents-in-

suit, and because Olympic has not alleged any facts allowing the Court to infer

such prior knowledge, Olympic's inducement claim fails as a matter of law.

*XPoint Techs., Inc. v. Microsoft Corp.*, Civ. No. 09-628-SLR, 2010 WL 3187025,

at *6 & n.10 (D. Del. Aug. 12, 2010) (dismissing indirect infringement claim

where plaintiff "resorts to a mere recitation of the elements for indirect

infringement, which is insufficient").  Nor can an allegation that Moving

Defendants obtained knowledge of the patents-in-suit at the time that Olympic

filed this lawsuit support a claim for indirect infringement.  *Mallinckrodt,* 670 *F.*

Supp. 2d at 354, n.1 ("The Court is not persuaded by Plaintiffs' contention that

the requisite knowledge [for an indirect infringement claim] can be established by

the filing of the Plaintiffs' Complaint."); *XPoint,* 2010 WL 3187025, at *6

("[K]nowledge after filing of the present action is not sufficient for pleading the

requisite knowledge for indirect infringement.").

### 2.   Olympic fails to allege specific intent to infringe.

Olympic has not even attempted to allege the "specific intent" required for

its induced infringement claim.  In *Halton Co. v. Streivor, Inc.*, No. C 10-00655,

2010 WL 2077203, at *1-2 (N.D. Cal. May 21, 2010), the court dismissed

plaintiff's inducement claim – even though plaintiff alleged that defendant had

prior knowledge of the asserted patent – because plaintiff's allegations made "[n]o

mention of any 'specific intent' to encourage another's infringement."

Specifically, the court determined that the plaintiff's allegation that defendant

"has induced and continues to induce others to infringe" failed to state a plausible

claim.  *Id.* at *2.

1    The only allegation here remotely related to inducement is that each
2  Moving Defendant "has and/or requires and/or directs users to access and/or view
3  and/or purchase products" which infringe the '585 and '400 Patents.  (Doc. 34 ¶¶
4  13-16.)  Those threadbare assertions, however, closely resemble the allegations
5  embodied in claims that courts in this Circuit have consistently dismissed.  For
6  example, the Eastern District of California dismissed a plaintiff's patent
7  infringement inducement claim under Rule 12(b)(6) when the plaintiff alleged
8  only that the defendant infringed "directly, by inducement, and/or by contributing
9  to the infringement" of the patents-in-suit.  *Tech. Licensing Corp. v. Technicolor*
10  *USA, Inc.*, No. 2:03-cv-1329, 2010 WL 4070208, at *3 (E.D. Cal. Oct. 18, 2010)
11  ("the facts as alleged do not show a plausible entitlement to relief" because, in
12  part, the plaintiff failed to allege "defendant's knowing inducement and intent to
13  encourage infringement").  The Northern District of California similarly
14  dismissed a plaintiff's patent infringement inducement claim when the plaintiff
15  pleaded only that the defendant "performed acts . . . that infringe and *induce*
16  *others to infringe,*" holding that such a "conclusory, fact-barren allegation fails to
17  state a claim for inducement to infringe under 35 U.S.C. § 271(b)."  *Bender v.*
18  *Motorola, Inc.*, No. C 09-1245, 2010 WL 726739, at *4 (N.D. Cal. Feb. 26, 2010)
19  (emphasis in original) (quoting *ACCO Brands*, 501 F.3d at 1312).[6]
20
21
22
23

_____

24  [6] See also *Catapano v. Wyeth Ayerst Pharms., Inc.*, 88 F. Supp. 2d 27, 30 (E.D.N.Y.
25  2000) (dismissing plaintiff's induced infringement claim because even alleging actual
    knowledge of the patent is insufficient to allege specific intent); *Coolsavings.com v.*
    *Catalina Marketing Corp.*, No. 98-C-6668, 1999 WL 342431, at *2 (N.D. Ill. May 14,
26  1999) (dismissing induced infringement claim under Rule 12(b)(6), noting that a "bald
27  assertion" of active inducement, without supporting allegations of fact, fail to satisfy
    the pleading requirements of the federal rules).

28

DEFENDANTS' MOTION TO DISMISS
                                        FOR FAILURE TO STATE A CLAIM

1                **3.**       **Olympic does not, nor could it possibly, allege that any**

2                        **"user" directly infringes.**

3        Olympic's allegations of direct infringement by "users" are so conclusory as

4 to fail the test the Supreme Court adopted in *Iqbal* and *Twombly*. Without

5 expressly leveling an inducement allegation against Defendants, Olympic appears

6 to contend that Defendants have somehow encouraged "users" to use Defendants'

7 accused products, which accused products are specifically, the Amazon Kindle

8 and Kindle Store; Apple iPad and iPhone and iTunes Store; the Barnes & Noble

9 Nook and Nook Store; and the Sony Reader and Reader Store. For example, as to

10 Amazon, Olympic alleges: "More particularly, Plaintiff is informed and believes

11 that Amazon has and/or requires and/or directs users to access and/or view and/or

12 purchase products from a remote programming system at the Kindle Store via a

13 Kindle remote receiver device in a manner claimed in the patents-in-suit." (FAC

14 at ¶13, with corresponding allegations against Apple and SEL at ¶¶ 14 and 16,

15 respectively.) The vagueness of the allegation, which is framed partially in the

16 disjunctive and fails to specify which claims of the asserted patents Olympic

17 contends Defendants indirectly infringe, can be explained by the fact that no

18 colorable claim can be made that any "user" directly infringes any claim of the

19 asserted patents.

20        For example, to the extent Plaintiff means to allege that "users" directly

21 infringe the ***method*** claims of the '585 patent, that allegation is implausible on its

22 face. "Method claims are only infringed when the claimed process is performed . . . ."

23 *Ormco Corp. v. Align Tech., Inc.*, 463 F.3d 1299, 1311 (Fed. Cir. 2006) (citations

24 omitted). Here, the method claims of the '585 patent require that an infringer

25 "broadcast[ ] the identical video menu to a plurality of receivers" (Doc. 34 Ex. A

26 ('585 at 12:20-22 (claim 21); *see also* claim 24)), something no end "user" of the

27 Kindle or any of the other accused products could ever do. And those claims

28

                                                       

1   require a transaction processor or payment processor "authorizing payment" for
2   the customer's selection, based on verifying the consumer's financial account.
3   Certainly Olympic has not alleged that any end "user" of the accused products is a
4   bank that verifies its own financial account.  In short, Olympic has not properly
5   pleaded that "users" of the accused products perform these claimed methods,
6   likely because such pleading would be frivolous.

7          Nor can a "user" of the Kindle, or any of the other accused products,
8   possibly infringe the '585 patent's *system* claims.  For example, each of these
9   system claims expressly requires "a *plurality* of receiver means each serving one
10  user for receiving in each receiver means the identical" broadcast information
11  (Doc. 34 Ex. A ('585 at 8:63-66 (claim 1), 11:37-40 (claim 18) (emphasis
12  added).)  A "user" of the accused products by definition does not use *plural*
13  receivers "each serving one user," and thus a "user" of the accused products
14  cannot use the claimed system.

15         As to the '400 patent, *every* claim recites a remote control device used in
16  conjunction with a receiver, and Olympic has failed to identify specifically any
17  remote control device used with a receiver in any of the Defendants' accused
18  products.  *See* Doc. 34 Ex. B ('400 at Figs. 8a & 8b; *see, generally,* '400 patent at
19  8:20-14:65 (every claim requiring a "remote control device" and a "receiving
20  unit").)  Thus, none of the end "users" of the accused products could use the
21  accused devices to directly infringe the claims of that patent.  Olympic has not
22  adequately pleaded direct infringement by end "users" because it cannot do so.
23  Olympic's inducement claim therefore fails for this additional, independent
24  reason.

25         Olympic simply does not have a viable inducement claim or any other kind
26  of indirect infringement claim against any of the Moving Defendants, and thus

27

28                                    - 11 -

1  Olympic's allegations regarding inducement to infringe and indirect infringement
2  of any kind should be dismissed.

3    **B.    Olympic Fails to State a Plausible Claim for Contributory**
4         **Infringement.**

5        Under 35 U.S.C. § 271(c), contributory infringement is established only if
6  the defendant sells a product "knowing the same to be especially made or
7  especially adapted for use in an infringement of such patent . . . ." *See also Aro*
8  *Mfg. v. Convertible Top Replacement Co.*, 377 U.S. 476, 488, 84 S. Ct. 1526,
9  1533, 12 L. Ed. Ed 457, 469 (1964) (defendant must know that its product "was
10 both patented and infringing"). In addition, the defendant's allegedly-infringing
11 product must *not* be a "commodity of commerce suitable for substantial
12 noninfringing use." 35 U.S.C. 271(c). Therefore, "[t]o properly plead
13 contributory infringement according to § 271(c), Plaintiffs must allege (1)
14 instances of direct infringement, (2) knowledge of infringement, and (3) a lack of
15 substantial noninfringing uses for the allegedly infringing product or process."
16 *Microsoft Corp.*, slip op. at 4 (citing *BMC Res., Inc. v. Paymentech, L.P.*, 498
17 F.3d 1373, 1381 (Fed. Cir. 2007), and dismissing claims of indirect infringement).

18       Olympic's contributory infringement claim fails for many of the same
19 reasons as its inducement claim. Olympic has not adequately pleaded direct
20 infringement by a "user," and has not alleged that any Defendant had knowledge
21 of the alleged infringement.

22         **1.    Olympic does not allege knowledge of infringement.**

23       Olympic's Complaint is absent of any allegation that any of the Moving
24 Defendants had pre-suit knowledge of the '585 or '400 Patents' alleged
25 infringement. *See Weyer*, slip op. at 7 (dismissing indirect infringement in part
26 because plaintiffs failed to allege that defendant had pre-suit knowledge of the
27 asserted patents and the infringement); *Halton Co.*, 2010 WL 2077203, at *2 (N.D.

28
- 12 -

1   Cal. May 21, 2010) (dismissing allegation that defendant "has contributorily

2   infringed and continues to contributorily infringe," noting that "the complaint is

3   devoid of facts to support a plausible inference of contributory infringement");

4   *Tech. Licensing*, 2010 WL 4070208, at *3 (E.D. Cal. Oct. 18, 2010) (dismissing

5   allegation that defendant infringed "by contributing to the infringement" of the

6   patents-in-suit because the pleading lacked any allegation regarding "defendant's

7   knowledge of a combination's infringement and lack of substantial noninfringing

8   uses (required for contributory infringement)"); *see also Mallinckrodt,* 670 F.

9   Supp. 2d at 355 ("Plaintiffs' Complaint fails to sufficiently plead that Defendants

10  had knowledge of the [patent], and, accordingly, the Court finds that Plaintiffs have

11  also failed to state a claim for contributory infringement.").

12          Olympic fails to plead that any of the Moving Defendants had any

13  "knowledge of a combination's infringement," as is required for a proper pleading

14  for contributory infringement.  And like inducement, Olympic cannot cure its

15  pleading deficiency because "knowledge after filing of the present action is not

16  sufficient for pleading the requisite knowledge for indirect infringement." *XPoint,*

17  2010 WL 3187025, at *6-7; *see also Mallinckrodt,* 670 *F.* Supp. 2d at 354, n.1

18  ("The Court is not persuaded by Plaintiffs' contention that the requisite

19  knowledge [for an indirect infringement claim] can be established by the filing of

20  the Plaintiffs' Complaint.").  Because Olympic has not and cannot plead facts that

21  show the required "knowledge of infringement" by any of the Defendants,

22  Olympic's contributory infringement claims fail as a matter of law.

23          Olympic's contributory infringement claims also fail for lack of specificity.

24  Alleging only that each defendant has contributed to the infringement of "one or

25  more claims of the patents-in-suit," Olympic does not even take a position on

26  whether the Moving Defendants contributorily infringe each patent.

27

28                                    - 13 -

1      **2.    Olympic has not properly pleaded instances of direct**

2               **infringement.**

3      For the reasons set forth above in Section A.3, Olympic has not

4  adequately alleged, and cannot establish, direct infringement by any "user" of

5  any of the accused products.  Therefore, Olympic fails to state a plausible claim

6  for contributory infringement.  Because Olympic cannot allege facts to support its

7  contributory infringement claims, these claims should be dismissed.

8

9                               **<u>CONCLUSION</u>**

10     For all the reasons set forth above, Moving Defendants respectfully request

11  that the Court dismiss Plaintiff Olympic's claims for inducement and contributory

12  infringement, and grant any other relief to which Moving Defendants may be

13  entitled.

14  DATED:     December 7, 2010     SHOOK, HARDY & BACON, L.L.P.

15

16                           By: _____

17                               Eva M. Weiler

18                               Attorneys for Defendant Sony

                                  Electronics Inc.

19

20                               Robert T. Cruzen (SBN: 203658)

                               robert.cruzen@klarquist.com

21                               Todd M. Siegel (admitted p*ro hac vice*)

                               todd.siegel@klarquist.com

22                               John D. Vandenberg (admitted *pro hac vice*)

                               john.vandenberg@klarquist.com

23                               KLARQUIST SPARKMAN, LLP

                               121 S.W. Salmon Street, Suite 1600

24                               Portland, Oregon  97204

                               Telephone: 503-595-5300

25                               Facsimile: 503-595-5301

26                               (Counsel Continued On Next Page)

27

28                               - 14 -

1    Mark S. Parris (admitted *pro hac vice*)
     mparris@orrick.com
2    Lisa C. Ward (SBN: 175237)
     lward@orrick.com
3    ORRICK, HERRINGTON & SUTCLIFFE
     LLP
4    4 Park Plaza, Suite 1600
     Irvine, CA 92614-2558
5    Telephone: 949-852-7780
     Facsimile: 949-567-6710

6    Attorneys for Defendant Amazon.com, Inc.

7    James Batchelder (SBN: 136347)
     batchelderj@howrey.com
8    Jason T. Anderson (SBN: 212938)
     andersonj@howrey.com
9    HOWREY LLP
     1950 University Avenue
10   East Palo Alto, CA 94303
     Telephone: (650) 798-3500
11   Facsimile: (650) 798-3600

12
     Joanne Lichtman (SBN: 137300)
13   lichtmanj@howrey.com
     HOWREY LLP
14   550 South Hope Street, Suite 1100
     Los Angeles, CA 90071-2627
15   Telephone: (213) 892-1800
     Facsimile: (213) 892-2300
16
17   Attorneys For Defendant Apple Inc.

18

19

20

21

22

23

24

25

26

27

28
                              - 15 -
DEFENDANTS' MOTION TO DISMISS
                                            FOR FAILURE TO STATE A CLAIM

# PROOF OF SERVICE

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My business address is 5 Park Plaza, Suite 1600, Irvine, California 92614.

On December 7, 2010, I served on the interested parties in said action the within:

**DEFENDANTS SONY ELECTRONICS INC., AMAZON.COM, INC. AND APPLE INC.'S JOINT NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' CLAIMS OF INDIRECT INFRINGEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**

by placing a true copy thereof in a sealed envelope(s) addressed as stated on the attached mailing list.

☐ (MAIL) I am readily familiar with this firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than 1 day after date of deposit for mailing in affidavit.

☐ (BY FEDERAL EXPRESS, AN OVERNIGHT DELIVERY SERVICE) By placing a true and correct copy of the above document(s) in a sealed envelope(s) addressed as indicated above and causing such envelope(s) to be delivered to the FEDERAL EXPRESS Service Center, on _____, to be delivered by their next business day delivery service on _____, to the addressee designated.

☒ (ELECTRONIC FILING) I provided the document(s) listed above electronically through the CM/ECF system pursuant to the instructions set forth in the Local Rules for the United States District Court for the Central District of California.

☒ (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on December 7, 2010, at Irvine, California.

| Eva M. Weiler | /s/ Eva M. Weiler |
|---|---|
| (Type or print name) | (Signature) |

79703 v2

**<u>SERVICE LIST</u>**

| | |
|---|---|
| **Steven W Ritcheson**<br>White Field Inc<br>9800 D Topanga Canyon Boulevard Suite 347<br>Chatsworth, CA 91311<br><br>Tel: 818-882-1030<br>Fax: 818-337-0383<br>Email: swritcheson@whitefieldinc.com<br>**(Attorneys For Olympic Development AG, LLC)** | **Robert T Cruzen**<br>Klarquist Sparkman LLP<br>121 SW Salmon Street Suite 1600<br>Portland, OR 97204<br><br>Tel: 503-595-5300<br>Fax: 503-595-5301<br>Email: rob.cruzen@klarquist.com<br>**(Attorneys For Amazon.com, Inc.)** |
| **Kevin G McBride**<br>Jones Day<br>555 South Flower Street 50th Floor<br>Los Angeles, CA 90071<br><br>Tel: 213-489-3939<br>Fax: 213-243-2539<br>Email: kgmcbride@jonesday.com<br>**(Attorneys for DirecTV, Inc.)** | **Louis Touton**<br>Jones Day<br>555 W 5th St, Ste 4600<br>Los Angeles, CA 90013-1025<br><br>Tel: 213-489-3939<br>Email: louis@touton.info<br>**(Attorneys for DirecTV, Inc.)** |
| **Douglas C Muth**<br>Jones Day<br>555 South Flower Street Fiftieth Floor<br>Los Angeles, CA 90071-2300<br><br>Tel: 213-489-3939<br>Fax: 213-243-2539<br>Email: dmuth@jonesday.com<br>**(Attorneys for DirecTV, Inc.)** | **Reynaldo C Barcelo**<br>Barcelo, Harrison & Walker, LLP<br>2901 West Coast Highway<br>Suite 200<br>Newport Beach, CA 92663<br><br>Tel: 949-340-9736<br>Fax: 949-258-5752<br>Email: rey@bhiplaw.com<br>**(Attorneys for Valve Corp.)** |

79703 v2

| | |
|---|---|
| Jason T. Anderson<br>James R. Batchelder<br>Christina M. Finn<br>Jonathan D. Marshall<br>**Howrey LLP**<br>1950 University Avenue, 4th Flor<br>East Palo Alto, CA  94303<br><br>Tel: (640) 798-3500<br>Fax: (650.798.3600<br>andersonj@howrey.com<br>batchelderj@howerey.com<br>finnc@howrey.com<br>marshallj@howrey.com<br>**Attorneys for Defendant Apple, Inc.** | Joanne Lichtman<br>**Howrey LLP**<br>550 S. Hope St., Ste. 1100<br>Los Angeles, CA  90071-2627<br><br>Tel: (213) 892-1800<br>Fax: (213) 892-23200<br>lichtmanj@howrey.com<br>**Attorneys for Defendant Apple, Inc.** |
| Mark S. Parris<br>Orrick, Herrington & Sutcliffe LLP<br>701 Fifth Avenue, Ste. 6100<br>Seattle, WA  98104<br><br>*Pro Hac Vice*<br>mparris@orrick.com<br>T (503) 595-5300<br>F (503) 595-5301<br>**Attorneys for Amazon.com, Inc.** | Ranjit Narayanan<br>Orrick, Herrington & Sutcliffe LLP<br>701 Fifth Avenue, Ste. 5600<br>Seattle, WA  98104<br>*Pro Hac Vice*<br>T (503) 595-5300<br>F (503) 595-5301 |
| Steven McGrath<br>Microsoft Corporation<br>1 Microsoft Way<br>Redmond, WA  98052-6399 | Todd M. Siegel<br>Klarquest Sparkman, LLP<br>One World Trade Center<br>121 SW Salmon St., Ste. 1600<br>Portland, OR  97204<br><br>*Pro Hac Vice*<br>Todd.siegel@karquist.com<br>T (503) 595-5300<br>F(503) 595-5301<br>**Attorneys for Amazon.com, Inc.** |

79703 v2

| | |
|---|---|
| 1 | |
| 2 | Michelle Marriott |
| | Basil Trent Webb |
| 3 | Eric Buresh |
| | Shook, Hardy & Bacon, L.L.P. |
| 4 | 2555 Grand Blvd., |
| 5 | Kansas City, MO  64108 |
| 6 | Tel: (816) 474-6550 |
| 7 | mlmarriott@shb.com |
| | bwebb@shb.com |
| 8 | eburesh@shb.com |
| 9 | *Pro Hav Vice* |
| | **Attorneys for Sony Electronics, Inc.** |
| 10 | |

| | | |
|---|---|---|
| 11 | John D. Vandenberg | Lisa C. Ward |
| | Klarquest Sparkman, LLP | Orrick, Herrington & Sutcliffe LLP |
| 12 | One World Trade Center | 4 Park Plaza, Ste. 1600 |
| 13 | 121 SW Salmon St., Ste. 1600 | Irvine, CA  92614-2558 |
| | Portland, OR  97204 | |
| 14 | | lward@orrick.com |
| 15 | *Pro Hac Vice* | T (949) 852-7780 |
| | John.vandenberg@karquist.com | F (949) 567-6710 |
| 16 | T (503) 595-5300 | **Attorneys for Amazon.com, Inc.** |
| 17 | F (503) 595-5301 | |
| | **Attorneys for Amazon.com, Inc.** | |

| | |
|---|---|
| 18 | |
| 19 | |
| 20 | |
| 21 | *Olympic Developments v. Amazon (POS)* |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |

79703 v2